UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LUKE PENNY, individually,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.
a foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
## JURY DEMAND

1.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq.* ("TCPA"). In violation of the TCPA, Defendant called Plaintiff's cellular telephone on multiple occasions using an automatic telephone dialing system even though Plaintiff had never given his express consent to receive such calls. Additionally, Defendant left voicemail messages on both Plaintiff's home answering machine system as well as Plaintiff's cellular telephone voicemail system which were impermissibly disclosed to a third party in violation of the FDCPA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, LUKE PENNY ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, NCO FINANCIAL SYSTEMS, INC. ("NCO"), is a foreign corporation, with offices located at 507 Prudential Road, Horsham, Pennsylvania 19044.

5. Defendant is vicariously liable for the actions of its employees, including but not limited to its employee debt collectors. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

7. Defendant regularly collects or attempts to collect debts for itself or other parties. They are a "debt collector" as that term is defined in the FDCPA.

8. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> *There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*
>
> *(b) Inadequacy of laws*
> *Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

11. Under the TCPA and pursuant to the FCC's January 2008 Declaratory

Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided express consent within the meaning of the statute.  *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

## FACTUAL ALLEGATIONS

12.   Defendant NCO sought to collect an alleged debt from Plaintiff which was incurred for a Capital One Bank credit card used primarily by Plaintiff for personal, family, or household purposes, such as the purchase of groceries, clothing, and travel expenses.

13.   From approximately July 2010 to October 2010, Plaintiff received multiple debt collection calls from Defendant on both his residential and cellular telephone.

14.   That dozens of the debt collection calls from Defendant resulted in voicemail messages being left on Plaintiff's residential and cellular telephone systems.

15.   That several of the aforementioned messages impermissibly disclosed the existence of Plaintiff's alleged debt to a third party; hence, Plaintiff is able to establish a *prima facie* violation of the FDCPA.  *See* 15 U.S.C. § 1692c(b) (precluding debt collectors from making third party disclosures of consumer debts); *see also*, *Edwards v. Niagara Credit Solutions, Inc.*, 2009 U.S. App. LEXIS 22500 (11th Cir. 2009).

16. That the debt collection calls at issue were made by Defendant using an automatic telephone dialing system, also known as an "auto-dialer"; the auto-dialer used by Defendant had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

17. The debt collection calls made to Plaintiff's cellular telephone were made without the express consent of Plaintiff.

18. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

## COUNT I
## PLAINTIFF LUKE PENNY'S CLAIM FOR THIRD PARTY DISCLOSURE OF DEBT IN VIOLATION OF THE FDCPA

19. Plaintiff LUKE PENNY incorporate Paragraphs 1 through 18.

20. Defendant disclosed Plaintiff's alleged debt to a third party on multiple occasions and thus violated 15 U.S.C. § 1692c(b) and caused said Plaintiff both embarrassment and unnecessary emotional distress.

21. WHEREFORE, Plaintiff LUKE PENNY requests that the Court enter judgment in favor of Plaintiff and against Defendant NCO for:

(a) Damages, both statutory and actual;

(b) Attorney's fees, litigation expenses and costs of the instant suit;

and

(c) Such other or further relief as the Court deems proper.

### COUNT II
### PLAINTIFF LUKE PENNY'S CLAIM FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates Paragraphs 1 through 18.

23. Defendant made calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

24. The calls were made without the prior express consent of the Plaintiff.

25. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 222(b)(1)(A)(iii).

WHEREFORE, Plaintiff LUKE PENNY requests that the Court enter judgment in favor of Plaintiff and against Defendant NCO for:

(a) Statutory damages at $500 dollars per call;

(b) Willful damages at $1500 dollars per call;

(c) An injunction requiring Defendant to cease all communications to Plaintiff in violation of the TCPA;

(d) Reasonable attorney's fees and costs; and

(e) Such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 8th day of June, 2011.

Respectfully submitted,

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone: 954-306-8104
Facsimile: 954-337-0666
scott@scottdowens.com


By: /s/ Scott D. Owens
Scott D. Owens, Esq.
Florida Bar No. 0597651